

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable J. L. Curlee, Secretary
State Board of Barber Examiners
Austin, Texas

Opinion No. O-6444
Re: Authority of Board of
Barber Examiners to ex-
empt a registered barber
or registered assistant
barber from the payment
of registration fees
prescribed in Sec. 20,
Art. 734a, V.A.P.C.

Dear Sir:

We are in receipt of your letter of recent date requesting the opinion of this department on the above stated matter.

Your letter reads, in part, as follows:

"Does the Board of Barber Examiners have the authority to exempt a registered barber or registered assistant barber, now in the armed forces, from paying the registration fee."

Sec. 20, Article 734a, V.A.P.C., provides:

"That every registered barber and every registered assistant barber, who continues in active practice or service, shall annually on or before the 1st day of November of each year renew his certificate of registration which shall be issued by the Board of Barber Examiners, upon the payment of a renewal fee of Two Dollars and Fifty Cents ($2.50). Every certificate of registration which has not been renewed prior to that date shall expire on the 1st day of November of that year. A registered barber or a registered assistant barber, whose certificate of registration may, within thirty (30) days thereafter, and not later, have his certificate of registration restored upon making a satisfactory showing to the Board, supported by his personal affidavit, which,

in the opinion of the Board, will excuse the
applicant for having failed to renew his certi-
ficate within the time required by this Act.
Any registered barber who retires from the prac-
tice of barbering for not more than five (5)
years may renew his certificate of registration
by making proper showing to the Board, supported
by his personal affidavit, which in the opinion
of the Board would justify the Board in issuing
a certificate to such applicant as upon an original
application upon payment of a fee of five dollars
($5.00) when filing affidavit as fee for making
examination."

Sec. 1, Article 734a, V.A.P.C., provides:

"That it shall be unlawful for any person to
engage in the practice or attempt to practice bar-
bering in the State of Texas without a certificate
or registration as a registered barber issued pur-
suant to the provisions of this Act, by the Board
of Barber Examiners hereinafter created."

Sec. 2, Article 734a, V.A.P.C. provides:

"That it shall be unlawful for any person to
serve or attempt to serve as an assistant barber
under a registered barber within the State of
Texas without a certificate of registration as a
registered assistant barber, issued by the Board
herein provided for."

Article 1, Sec. 28, Constitution of Texas pro-
vides:

"No power of suspending laws in this State
shall be exercised except by the Legislature."

The Legislature has undoubted power to amend or
change existing statutory law, including that which is
contained in a code or revision, in order to meet changing
conditions. An Act may be amended during the session at
which it was passed or at any subsequent session, by en-
actment specifically setting forth its changed terms.
(39 Tex. Jur., p. 125, and authorities cited therein)

In view of the foregoing, it is the opinion of this
department that the State Board of Barber Examiners is
without power to waive or suspend the requirements of Sec.
20, Article 734a, V.A.P.C.

Hon. J. L. Curlee, page 3 (O-6444)


Whether such law should be amended or repealed is a matter to be determined by the Legislature.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly,

ATTORNEY GENERAL OF TEXAS


By

J. A. Ellis
Assistant

JAE:ddt